SANDRA KAY MICHAL, APPELLANT, V.
ROBERT LEE MICHAL, APPELLEE.

301 N.W.2d 100

Filed January 23, 1981.   No. 43148.

Philip M. Kelly of Winner, Nichols, Meister and Douglas for appellant.

James R. Hancock of Hancock & Kleager for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal by the plaintiff, Sandra Kay Michal, in a proceeding for dissolution of a marriage. The trial court dissolved the marriage of the parties; divided the property; and awarded custody and child support for the minor children to the plaintiff.

The parties were married on November 19, 1960. The plaintiff was 18 and defendant was 22 at the time of the marriage. Two children were born to the parties, Rhonda on September 14, 1962, and Renea on February 2, 1965. Custody of the children was determined by a stipulation approved by the trial court.

At the time of the marriage, the parties had relatively few assets. At the time of the dissolution, the marital property amounted to $406,750, subject to debts of $148,930. The net marital assets thus were valued at $257,820.

The defendant operates a 170-acre farm near Lyman, Nebraska. The farm is located in a sparsely populated area about ½ mile from the Wyoming border. One hundred forty-four acres are irrigated; 25 acres are pasture. In 1967, the defendant purchased the farm from his father for $47,000 at 4 percent interest. The actual value of the farm was much greater than the agreed price.

During the marriage, the plaintiff cared for the children, took care of the home, and occasionally helped with the farmwork. She also worked as a bank teller for 14 years, her income being used for family purposes.

In October of 1977, the parties built a new home on the farm at a cost of $73,000. The defendant testified the home was built in an attempt to settle the problems in the marriage. Six months after the home was completed, the plaintiff left the family. The defendant was left to provide and care for the children.

The trial court awarded child support to the plaintiff in the amount of $175 per month per child, together with personal property valued at $16,000, consisting of savings accounts, household goods, furniture, a 1974 Oldsmobile, and a 1972 MG automobile. The plaintiff was also awarded $84,000 as a property settlement which bears interest at 8 percent until paid. The defendant was awarded the farm, valued at $260,000, the crops on hand, farm machinery,

cattle, vehicles, and furniture and other miscellaneous items in his possession, valued at $130,750. The defendant was ordered to pay the debts, consisting of $84,000 due the Federal Land Bank, $63,600 due the Western National Bank, and $1,330 in accounts payable.

The plaintiff contends the property division was inequitable and that the trial court made a number of errors in the division of the property.

Specifically, the plaintiff contends the farm trucks and other vehicles awarded to the defendant were undervalued by $9,350; the crops were undervalued by $7,273.65; and the cattle by $2,000. While the evidence will sustain a higher value on the farm trucks and other vehicles awarded to the defendant, all of these items were used and the trial court may well have concluded that some of the values suggested by the defendant for these items were excessive. The crop values were in part based on estimates of unharvested crops. The disparity in the values of these items was not great enough to render the decision of the trial court erroneous.

The court found that the total debt responsibility was $158,930. The amount of the debts listed in the judgment is $148,930. There is, however, evidence of other expenses which the defendant will be required to pay which are in excess of $10,000.

We find that the values which were determined by the trial court are supported by the record and are correct. The trial court's determination on these matters will not be disturbed.

The trial court awarded approximately 60 percent of the marital estate to the defendant and approximately 40 percent to the plaintiff. We believe this was a fair division of the property.

The plaintiff in this case received a substantial award for child support and a substantial lump-sum property settlement. In an action for dissolution of marriage, the property should be divided, if possible,

in such a manner as to permit the husband to retain the means for payment of any judgment awarded to the wife. We find nothing in the record to justify an increase in the plaintiff's share of the property or an award of alimony.

The judgment of the District Court is affirmed.

AFFIRMED.